United States District Court
Middle District of Florida
Jacksonville Division

SEAN PAUL KARPF,

> Plaintiff,

v.                                                      No. 3:14-cv-1226-J-PDB

COMMISSIONER OF SOCIAL SECURITY,

> Defendant.

---

## Order Reversing Commissioner's Decision

This is a case under 42 U.S.C. § 405(g) to review a final decision of the Commissioner of the Social Security Administration, through a decision by an Administrative Law Judge (ALJ), denying Sean Karpf's claim for disability-insurance benefits. He seeks reversal, Doc. 16; the Commissioner, affirmance, Doc. 19.

Karpf was 29 on the date of the decision. Tr. 34, 45. He last worked in 2012. Tr. 47, 217. He has a high-school education and experience as an electrician, a satellite installer, and an infantry squad leader. Tr. 45, 48–49, 250. He alleged he had become disabled from amputation of his leg below the knee, fragment soft-tissue wounds, compartment syndrome, and anxiety. Tr. 217, 246, 249. He proceeded through the administrative process, failing at each level. Tr. 1–7, 15–21, 23–40, 101–09, 111–22. This case followed. Doc. 1.

In a 1500-plus-page record before the ALJ, one 87-page exhibit consisted of medical documents from the United States Department of Veterans Affairs (VA). Tr. 1185−1271. In detailed progress notes in those documents, a social worker made the notation, "70% SC," under the heading "Service Connection" and the statement, "Veteran was medically discharged from the Army on 9/27/13." Tr. 1240. Another social worker made the notation, "He is 70% SC and did two tours in Afghanistan and Iraq." Tr. 1243. At the hearing, the ALJ asked, "[D]o you have a VA rating percentage?" Tr. 46. Karpf answered, "Seventy percent." Tr. 46. In the decision, the ALJ cited the 87-page exhibit but did not mention the rating. *See generally* Tr. 26– 36.

Karpf submitted to the Appeals Council a letter to him from the VA dated soon after the ALJ's decision. Tr. 1673. The VA provided the letter to him to use in applying for benefits under any program. Tr. 1673. It explains he has "one or more service-connected disabilities," his "combined service-connected evaluation" is 70%, he is "being paid at the 100 percent rate because [he is] unemployable due to [his] service-connected disabilities," and he is "considered to be totally and permanently disabled due to [his] service-connected disabilities."[1] Tr. 1673. The Appeals Council originally found the information did not affect the ALJ's decision because it post-dated the

---

[1]A "service-connected disability" is a condition incurred during or aggravated by military service for which a veteran is receiving VA benefits. A "combined service-connected evaluation" is the veteran's disability rating for all conditions determined to be connected to service. A veteran may receive payment at the 100 percent rate even if his combined service-connected evaluation is less than 100 percent if he is unable to obtain or maintain substantially gainful employment because of his service-connected conditions. 38 C.F.R. § 4.16.

decision. Tr. 16. The Appeals Council set aside the finding to consider the information but still denied review, concluding there was no reason for review. Tr. 1–6.

Karpf argues the ALJ erred in failing to analyze the 70 percent rating and there is nothing to demonstrate he implicitly found the rating was not entitled to great weight. Doc. 16 at 22–25.

A court's review of an ALJ's decision is limited to determining whether the ALJ applied the correct legal standards and whether substantial evidence supports his findings. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The court may not decide facts anew, reweigh evidence, make credibility determinations, or substitute its judgment for the Commissioner's judgment. *Id.* An ALJ's finding may be implicit, but the "implication must be obvious to the reviewing court." *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir .1983). "Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) (internal quotation marks omitted).

Social security regulations specify decisions by other government agencies are evidence, 20 C.F.R. § 404.1512(b)(1)(v), but explain to claimants that a "decision by any … other governmental agency about whether you are disabled … is based on its rules and is not our decision about whether you are disabled …. We must make a disability … determination based on social security law. Therefore, a determination

made by another agency that you are disabled ... is not binding on us," 20 C.F.R. § 404.1504. While emphasizing the latter points, Social Security Ruling 06-03p adds, "However, we are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies …. Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered."

Under binding Eleventh Circuit precedent, VA ratings are not binding but are entitled to great weight and should be considered. *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984); *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. Unit A Mar. 25, 1981). District courts in the Eleventh Circuit "have routinely reversed where ALJs have failed to specifically identify VA disability ratings themselves, specify the weight given to them, or engage in a meaningful evaluation of them." *Mallory v. Comm'r of Soc. Sec.*, No. 6:14-cv-1669-Orl-GJK, 2015 WL 8321898, at *3 (M.D. Fla. Dec. 9, 2015) (citing cases). An ALJ's finding concerning a VA disability rating may be implicit. *Kemp v. Astrue*, 308 F. App'x 423, 426 (11th Cir. 2009).

Here, the ALJ's failure to analyze the 70 percent rating warrants reversal and remand. Although an ALJ's finding concerning a VA disability rating may be implicit, and although the ALJ's decision here was well-reasoned and otherwise thorough, an implicit finding is not obvious given the absence of even passing mention of the rating. *Williams v. Barnhart*, 180 F. App'x 902, 902 (11th Cir. 2006) ("While we recognize that the ALJ's prior decision addressed at some length Williams's VA medical

4

evidence, nonetheless, in its decision the ALJ should specifically also consider and address the VA's Rating Decision itself.").[2] There may be reasons to reject the rating—and the Commissioner provides a few—but the Court is not at liberty to affirm for those reasons. *See Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) ("We decline … to affirm simply because some rationale might have supported the ALJ's conclusion.").

Karpf presents issues concerning the weight the ALJ gave to medical opinions and the ALJ's analysis of his abilities. Doc. 16 at 13−22. Because the ALJ's consideration of the VA disability information could affect those matters, the Court need not decide those issues. Karpf also presents an issue concerning the Appeals Council's failure to explain why it had given the VA disability information no weight. Doc. 16 at 24–25. Because the Court is reversing and remanding for the ALJ to consider the VA disability information, the Court does not have to decide that issue either.

---

[2] *See also Little v. Colvin*, No. 1:13-cv-1475-SLB, 2015 WL 1345432, at *6 (N.D. Ala. Mar. 23, 2015) (unpublished) ("Although the ALJ's decision is otherwise thorough and well-reasoned, the court cannot assess the weight given to [the claimant's service-connected disability rating] when the decision doesn't acknowledge the same."); *Salamina v. Colvin*, No. 8:12-cv-1985-T-23TGW, 2013 WL 2352204, at *4 (M.D. Fla. May 29, 2013) (unpublished) (recognizing the ALJ referred to and discussed VA medical records but holding the "discussion ... does not substitute for consideration of the rating decision itself"); *Jamiah v. Astrue*, No. 1:09-cv-01761-AJB, 2010 WL 1997886, at *19 (N.D. Ga. 2010) (unpublished) ("Without any reference to the VA disability determinations in the ALJ's decision, the Court finds that it is impossible to conclude that the ALJ implicitly considered the VA disability decision and ratings (or gave them great weight).").

The Court **reverses** the Commissioner's decision under sentence four of 42 U.S.C. §405(g); **remands** the case to the Commissioner to consider the VA's disability information and to take any other necessary action; and **directs** the clerk to enter judgment in favor of the plaintiff and close the file.

**Ordered** in Jacksonville, Florida on March 11, 2016.

_____

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:      Counsel of Record