United States District Court
Middle District of Florida
Jacksonville Division

SEAN PAUL KARPF,

    *Plaintiff,*

v.                                                      No. 3:14-CV-1226-J-PDB

ACTING COMMISSIONER OF SOCIAL SECURITY,

    *Defendant.*

---

## Order Granting Unopposed Petition

Sean Karpf's attorney, Chantal Harrington, Esquire, has filed a petition under 42 U.S.C. § 406(b) and 20 C.F.R. § 404.1728(b) asking for authorization to charge him $6163.23 for her successful representation of him. Doc. 25. The Acting Commissioner of Social Security does not oppose the request. Doc. 25 at 16–17. Karpf's position is unknown.

## Background

Karpf, age 32, alleged disability based on amputation of his leg below the knee, fragment soft-tissue wounds, compartment syndrome, and anxiety. Doc. 20 at 1; Tr. 45. In 2012, he applied for disability-insurance benefits. Tr. 217. The Social Security Administration ("SSA") denied his application and reconsideration request, an Administrative Law Judge found he was not disabled, and the Appeals Council denied his review request. Tr. 1–7, 15–21, 23–40, 101–09, 111–22. Jessica Dumas, Esquire, represented him at the administrative hearing. Tr. 41.

Karpf brought this case to challenge the SSA's denial of benefits. Doc. 1. He and Harrington entered into a standard contingent-fee agreement under which she agreed to represent him in this case, and he agreed to pay her 25 percent of any past-

due benefits minus any attorney's fees paid under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Doc. 25-2.

Harrington proceeded to represent Karpf in this case. She filed a standard 3-page complaint, Doc. 1, followed by a 25-page brief arguing why the Acting Commissioner was wrong, Doc. 16, and the Acting Commissioner filed a 13-page brief arguing why she was right, Doc. 19. Based on those briefs, the Court reversed the SSA's denial of benefits and remanded the case for further agency proceedings. Docs. 20, 21. The Court later granted Karpf's request for $4686.52 in EAJA fees based on 24.8 hours at $188.60 an hour for work performed in 2014, $188.83 an hour for work performed in 2015, and $191.39 an hour for work performed in 2016. Docs. 22, 23, 24.

On remand, the SSA determined Karpf was entitled to $67,399 in past-due benefits. Doc. 25-3 at 3. The SSA set aside 25 percent of the award ($16,849.75) for attorney's fees. Doc. 25-3 at 3. Thus the current motion. Doc. 25.

**Authority**

Three provisions governing attorney's fees apply: 42 U.S.C. §§ 406(a) and (b) and the EAJA.

For representation during administrative proceedings, § 406(a) provides that an attorney may petition for fees, and the SSA must allow them if the claimant had been successful. In setting those fees, the SSA considers various factors. 20 C.F.R. § 404.1725(b). Alternatively, an attorney may file a contingent-fee agreement before the benefits ruling. 42 U.S.C. § 406(a)(2). If the ruling favors the claimant, the SSA generally will approve the agreement subject to the limitation that fees may not exceed 25 percent of past-due benefits or $6000, whichever is less. 42 U.S.C. § 406(a)(2)(A)(ii), (iii); 74 Fed. Reg. 6080 (Feb. 4, 2009).

For representation during court proceedings, § 406(b) provides that an attorney who succeeds in obtaining remand may petition for fees, and the court, as part of its judgment, may allow reasonable fees that do not exceed 25 percent of past-

due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1275–77 (11th Cir. 2006). The fees are from—not in addition to—the past-due benefits. 42 U.S.C. § 406(b)(1)(A). The combined fees under §§ 406(a) and 406(b) may not exceed 25 percent of past-due benefits. *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970).

Under the EAJA, a court must order the United States to pay fees to a party who prevails against the United States, including in a social-security case, unless the United States' position was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The fees are based on the attorney's hours and rate, capped at $125 per hour (unless a special circumstance justifies more). 28 U.S.C. § 2412(d)(2)(A). An attorney may obtain fees under both § 406(b) and the EAJA but must refund the lesser fees to the claimant, and may do so by deducting the EAJA fees from his § 406(b) petition. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

A court must follow the framework in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), when evaluating an attorney's request for authorization to charge § 406(b) fees based on a contingent-fee arrangement. In *Gisbrecht*, the Supreme Court endorsed the use of contingent-fee arrangements in social-security cases but cautioned that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court explained, "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. A downward adjustment "is in order," the Court continued, if the representation was substandard, the attorney was responsible for delay that increased past-due benefits, or the "benefits are large in comparison to the amount of time counsel spent on the case," thereby creating a windfall to the attorney. *Id.*

3

The Court in *Gisbrecht* held that the claimant's attorney has the burden of showing that the requested fee "is reasonable for the services rendered." *Id.* at 807. And in assessing reasonableness, "the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808.

After *Gisbrecht*, to assess the reasonableness of requested fees, courts have also considered the risk of litigation loss, the difficulty of the case, the attorney's experience, the percentage of past-due benefits that the requested fees would consume, the value of the case to the claimant, and the claimant's consent to the requested fee. *Jeter v. Astrue,* 622 F.3d 371, 382 (5th Cir. 2010). As to *Gisbrecht*'s windfall prohibition, the Fifth Circuit has explained: "[I]f a claimant's success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time. In this way, *Gisbrecht*'s 'windfall' does not preclude attorneys from recovering what may mathematically seem like a high fee award if the attorney's success on appeal is of his own making." *Id.* at 381.

**Analysis**

Harrington arrives at her request for authorization to charge **$6163.23** in § 406(b) fees as follows: **$16,849.75** (25 percent of Karpf's past-due benefits of **$67,399**), minus **$4686.52** (the previously awarded EAJA fees), minus **$6000** (the amount of § 406(a) fees to Dumas). Doc. 25 at 3.

To satisfy her burden of establishing that the requested fees are reasonable, Harrington observes $6163.23 is authorized by the contract between her and Karpf and within the statutory limit and contends the risk of loss was substantial, he benefited from her significant experience in social-security cases (over 20 years), he obtained substantial past-due benefits (**$67,399**), she acted diligently, other courts

4

have approved higher fees for similar work, and the fee does not result in a windfall to her. Doc. 25 at 7–16.

The Court finds that, based on all of those facts, Harrington's requested fees are reasonable. Although this case was not more difficult or riskier than most (and Harrington does not claim otherwise), a reasonableness finding is warranted based on several factors combined: the § 406(a) and (b) fees together consume less than 25 percent of Karpf's past-due benefits; Harrington is an expert in social-security law; Harrington accepted the case despite the general risks of filing social-security cases after initial agency setbacks; Harrington exhibited diligence; and Karpf succeeded with Harrington's help.

Thus, the Court:

1. **grants** Harrington's petition, Doc. 25;

2. authorizes Harrington to charge Karpf **$6163.23** out of his past-due benefits award for her successful representation of him in this case; and

3. directs the clerk to enter judgment accordingly and close the file.

**Ordered** in Jacksonville, Florida, on November 2, 2017.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of Record